UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>        -v.-<br><br>MARCO ALMONTE,<br><br>               Defendant. | 14 Cr. 86 (KPF)<br><br>**ORDER** |

KATHERINE POLK FAILLA, District Judge:

On August 27, 2025, the Court signed Mr. Almonte's proposed subpoena to Pactiv Corporation in Canandaigua, New York. (Dkt. #197). Since then, the Court has received communication from Mr. Almonte regarding this subpoena. Mr. Almonte has explained that, consistent with the subpoena's description of the records to be produced, he seeks production of the facility's surveillance camera footage and related retention records for July 3 and July 4, 2020. Broadly speaking, Mr. Almonte has indicated that he believes Pactiv is in possession of these records and that they could be exculpatory. Given the proffered significance of Mr. Almonte's arguments, the Court ORDERS Pactiv to submit a sworn affidavit stating whether it is in possession of these records on or before **July 17, 2026**. And to avoid any confusion, the Court attaches Mr. Almonte's subpoena to the end of this Order.

The Court directs Mr. Almonte's standby counsel, Mr. Turano, to transmit this Order to Pactiv through the channels he has previously used to communicate with Pactiv and to file proof of service on the docket.

The Clerk of Court is directed to mail a copy of this Order to Mr. Marco Almonte, 69856-054, at MDC Brooklyn, Metropolitan Detention Center, P.O. Box 329002, Brooklyn, New York 11232.

SO ORDERED.

Dated:   June 26, 2026
        New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT
## for the
### SOUTHERN District of NEW YORK

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| MARCO ALMONTE | ) Case No. 14 CR 86 (KPF) |
| *Defendant* | ) |
| | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR
## OBJECTS IN A CRIMINAL CASE

To: MANAGER/HUMAN RESOURCES OF PACTIVE 2480 SOMMERS DR.    CANANDAIGUA·NY  14424
*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects: CAMERA FOOTAGE OF MR ALMONTE BADGE # 51820 WITHIN THE FACILITY ON JULY 3 AND 4TH OF 2020 AND THE TRACE MONITOR OF HIS BADGE USAGE ON SAID DATES ALSO ANY CAMERA FOOTAGE OF WHO PICKED HIM UP FROM WORK AT 3:00PM ON SAID DATES IN PARKING LOT

| Place: LOU FAIVO ( PRIVATE INVESTIGATOR )  70 LINDEN OAKS SUITE 800  ROCHESTER, N.Y. 14625 | Date and Time: AUGUST 30 2025  3:00 PM |
|---|---|

Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

*(SEAL)*

Date: August 27, 2025
New York, New York

~~CLERK OF COURT~~

Karmen Pack Fulle, USDJ
~~Signature of Clerk or Deputy Clerk~~

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* MARCO ALMONTE MDC BROOKLYN. P.O. BOX 329002, BROOKLYN, N.Y. 11232 , who requests this subpoena, are:

STEVEN TURANO 917-974-1871 LOU FAIVO 585-732-9808

### Notice to those who use this form to request a subpoena

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.