**TURANO LAW**

sturano@turanolaw.com

275 MADISON AVENUE
35TH FLOOR
NEW YORK, NY 10016

TEL (917) 594-5666
FAX (917) 594-5667

60 PARK PLACE
SUITE 1101
NEWARK, NJ 07102

TEL (973) 648-6777
FAX (917) 594-5667

August 30, 2026

By Email and ECF
The Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re: United States v. Almonte
Case No. 14 Cr. 086 (KPF)

Dear Judge Failla:

I write as standby counsel for Marco Almonte and at his request regarding Novolex/Pactiv's response to the Court's August 4, 2026 Order (ECF Dkt. # 207) (herein referred to as the "August 4th Order"). The information sought by the August 4th Order—swipe records and video surveillance footage—go directly to Mr. Almonte's alibi defense in connection with his pending VOSR.

Mr. Almonte contends that the submissions provided by Betsy McKinlay, Novolex Senior Paralegal, Litigation and eDiscovery, and Tina Devey, Pactiv Evergreen ("Pactiv") Senior HR Manager, are insufficient to negate the need for an evidentiary hearing. He contends that neither Ms. McKinley nor Ms. Devey provided "sworn statements and corroborative evidence." See Court Order at 3. Both responses merely summarize Ms. Devey's verbal and written prior communications with me[1] that: (1) the requested swipe cards have already been provided and (2) the Pactiv Canandaigua facility "does not have, nor did it ever have, any video surveillance footage" at the employee entrance. See Tina Devey "Business Records Affidavit" at ¶¶ 3-4.

---

[1] Ms. McKinly omitted to include in her summary my telephone conversation with Amanda Dresser, an assistant manager in Pactiv Evergreen's HR department, during which she initially stated that there was a video-retention policy before directing me to Ms. Devey for all subsequent communications.

Ms. McKinlay also addressed possible reasons for Pactiv's failure to comply with the Court's June 26, 2026 Order ("June 26th Order") (ECF Dkt. # 207). She suggests that Pactiv may not have been placed on notice of the June 26th Order. In particular, she states that my July 3, 2026 email to Ms. Devey may not have been received "due to changes in spam filtering and the email account migration." See McKinley "Business Records Certificate" at ¶ 1d. But this claim fails to excuse Pactiv's failure to respond because Ms. Devey acknowledged receiving my June 3rd email and the attached June 26th Order during our July 9, 2026 telephone call. During that same call I advised Ms. Devey to forward my email and the June 26th Order to Pactiv Evergreen's legal department.

a. Swipe Records

Pactiv states that it previously provided the swipe records, presumably in response to an April 28, 2021 subpoena duces tecum served by his then private investigator, Jennifer Morales. Mr. Almonte contends that Investigator Morales never turned over these records to him and that he had little or no contact with her since.

Therefore, the issues concerning the swipe records can be easily addresses by requiring Pactiv to reproduce to me as standby counsel for Mr. Almonte the same records it contends it previously provided to Investigator Morales.

b. Video Surveillance Footage and Renewed Request for Appointment of a Private Investigator

Attached as Exhibit A is a letter from Mr. Almonte to the Court, dated August 24, 2026 ("August 24th Letter"), in which he contends that the October 8, 2026 Evidentiary Hearing should proceed in the absence of corroborating evidence from Pactiv and in light of his arguments supporting his contention that video surveillance cameras existed at the relevant locations and dates.

In addition to the arguments in his August 24th Letter, Mr. Almonte contends that there are potential witnesses who would have knowledge of the existence of video cameras in the area during the relevant timeframe, including members of the United States Postal Service who routinely made deliveries to the facility. Mr. Almonte renews his request for appointment of a private investigator for the limited purpose of locating and interviewing these potential witnesses.

Conclusion

For the reasons set forth above and in his August 24th Letter (attached as Exhibit A), Mr. Almonte requests that Pactiv be directed to: (1) provided corroborating evidence by sworn testimony or be compelled to appear at the October 8, 2026 Evidentiary Hearing and (2) produce to the undersigned counsel the swipe records previously provided to Investigator Morales in 2021. He also requests the appointment of a Private Investigator for the limited purpose stated above.

Respectfully,

/s/ Stephen Turano
Stephen Turano, Esq.

cc: All Counsel of Record (by ECF)
Jacob W. Pechet (by email)

-----------------------------------------------------------------------------------------------------------

FROM: 69856054
TO:
SUBJECT:
DATE: 08/24/2026 08:00:49 PM

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------
UNITED STATES OF AMERICA,
v. No, 14 Cr.86 (KPF)
MARCO ALMONTE,
Defendant.
--------------------------------
LETTER TO THE COURT CONCERNING THE EVIDENTIARY HEARING SCHEDULED FOR OCTOBER 8, 2026, THE AFFIDAVIT OF TINA DEVEY, AND THE DEFENDANT'S RIGHT TO PRESENT EVIDENCE

Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Dear Judge Failla;
I am Marco Almonte, the defendant in the above-captioned release proceeding. I write to address the affidavit submitted on or about August 24, 2026 by Pactiv employee Tina Devey, and to respectfully request that the Court keep the evidentiary hearing scheduled for October 8, 2026 on the calendar as ordered. The Devey affidavit does not satisfy the Court's order because it contains no corroborating evidence, it is contradicted by the record, it should not be accepted in good faith, and it was filed by a human resources representative who is not counsel, who has not shown any authority to bind Pactiv or its corporate parent Novolex, and whose filing appears calculated only to avoid the hearing the Court ordered.

I.BACKGROUND

1.The Court ordered Pactiv to submit a notarized affidavit stating that Pactiv had no camera footage of the defendant at its Canandaigua, New York facility on July 3, 2020, because Pactiv claimed that the facility had no cameras on the premises in 2020.

2. That claim conflicts with evidence already before the Court: video on Pactiv's own website plainly showing cameras inside and outside the facility; the defendant's notarized affidavit stating that cameras were present inside the facility where he worked; photographs of the facility and its cameras; Pactiv's own written closed-circuit television (CCTV) policy; live stream video showing the defendant inside the facility; and the anticipated testimony of the defendant's manager, Jerry Truche, that the defendant was present and working at the facility on July 3, 2020.

3. Pactiv's explanations have shifted. Pactiv employee Amanda Dresser first acknowledged that a camera policy existed. Tina Devey then interrupted that inquiry and asserted that there have never been cameras on the premises.

4. Ms.. Devey told counsel, Stephen Turano, that she would not submit an affidavit because she had already stated that Pactiv had no cameras. Because of Ms.. Devey's refusal to obey a court order, the Court ordered an evidentiary hearing for October 8, 2026. The Court further stated that Pactiv could obviate the need for that hearing only by submitting an affidavit with corroborating evidence, because Pactiv's responses had been evasive and contradictory.

5. On August 24, 2026, Ms. Devey submitted an affidavit without any corroborating evidence. No member of Pactiv's or Novolex's legal team has been notified of, or has responded to, the Court's order or the subpoena originally served Ms. Devey is a human resources representative, not an attorney, and she has not demonstrated any authority to act on behalf of Pactiv or Novolex's in this litigation, Pactiv was acquired by Novolex in 2025; Novolex, as Pactiv's corporate parent and successor, is on notice of these proceedings and is copied on this letter. The affidavit appears to be a unilateral filing intended only to avoid that notice of these proceedings and is copied on this letter. The affidavit appears to be a unilateral filing intended only to avoid the evidentiary hearing, and no one from either company's legal department appears to be aware of what is occurring.

II. THE DEVEY AFFIDAVIT DOES NOT COMPLY WITH THE COURT'S ORDER

---

The Court's order was explicit: the evidentiary hearing could be obviated only by an affidavit with corroborating evidence. The August 24, 2026 submission is a bare, conclusory denial. It offers no corroboration whatsoever; no maintenance records, no installation records, no security vendor records, no insurance or audit documents, no CCTV policy documents, and no witness statements. It does not address the video on Pactiv's own website showing cameras inside and outside its facilities, Pactiv's written CCTV policy, or the initial statement of Amanda Dresser acknowledging a camera policy.
A conclusory affidavit that contradicts the party's own website, its own written policy, its own employee's earlier acknowledgment, and the defendant's notarized affidavit, photographs, live-stream video, and proposed witness testimony cannot be credited and should not be taken in good faith. It is precisely the kind of evasive and contradictory response the Court identified when it set the evidentiary hearing and required corroboration.

III. THE DEFENDANT HAS A CONSTITUTIONAL RIGHT TO PRESENT EVIDENCE AT THE REVOCATION HEARING

The Supreme Court has long held that a person facing revocation of supervised release, parole, or probation is entitled to the minimum requirements of due process, including an opportunity to be heard in person and to present witnesses and documentary evidence. Morrissey v. Brewer, 408 U.S. 471, 489 (1972). The Court extended these protections to probation and parole revocations in Gagnon v. Scarpelli, 411 U.S. 778, 786 (1973). The Second Circuit has made clear that the constitutional guarantees governing revocation of supervised release are identical to those governing parole and probation revocation. United States v. Carlton, 442 F.3d 802, (2d Cir. 2006; United States v. Pelensky, 129 F.3d 63, 68 (2d Cir. 1997). Under 18 U.S.C. 3583 (e)(3), the Court may revoke supervised release only if it finds by a preponderance of the evidence that the defendant violated a condition of release. Federal Rule of Criminal Procedure 32.1(b)(2) guarantees the defendant an opportunity to appear, present evidence, and question any adverse witness unless the court determines that the interest of justice does not require the witness to appear. The defendant is therefore entitled, as a matter of due process, to call witnesses including manager Jerry Truche and Pactiv personnel with knowledge of the facility's camera systems, and to present documentary evidence, including photographs, the CCTV policy, the live-stream video, and the website footage. The due process right to present evidence at a revocation hearing is reinforced by the fundamental principle that few rights are more fundamental than that of an accused to present witnesses in this own defense. Chambers v. Mississippi, 410 U.S. 284, 302 (1973); see also Washington v. Texas, 388 U.S. 14, 19 (1967).

The Second Circuit has likewise recognized that a defendant at a revocation hearing has a due process right to confront and cross-examine adverse witnesses, and that hearsay may be admitted only where it bears adequate indicia of reliability. United States v. Aspinall, 389 F.3d 332, 342-43 (2d Cir 2004). An uncorroborated, self serving affidavit from a non-party employee who is not represented by counsel, who contradicts the party's own website and written policy, and who has already given shifting accounts, lacks the reliability that due process requires.

Finally, where material facts are genuinely disputed, an evidentiary hearing is the appropriate , and often the only reliable, means of resolving them. United States v. Fatico, 579 F.2d 707, 713 (2d Cir. 1978), United States v. Fatico, 603 F.2d 1053, 1057 n.9 (2d Cir. 1979). The conflict between the Devey affidavit and the corroborating evidence of the record is precisely such a dispute. The Court should not permit Pactiv to resolve that dispute by filing an uncorroborated affidavit that sidesteps the Court's own order.

IV. PACTIV'S CONDUCT WARRANTS AN ADVERSE INFERENCE AND APPROPRIATE SANCTIONS IF IT FAILS TO PRODUCE CORROBORTING EVIDENCE

Pactiv was ordered to produce corroborating evidence and instead produced a bare denial. If Pactiv or Novolex fails to produce the corroborating evidence the Court has required, the Court should draw an adverse-inference and impose aappropriatesanctions. The Second Circuit has repeatedly held that a party that fails to preserve or produce evidence should bear the risk that the missing evidence would have been unfavorable to it. Residential Funding Corp. v DeGeorge Financial Corp 306 F.3d 99, 107-08 (2d Cir 2002); Kronish v. United States 150 F.3d 112, 126 (2d Cir 1998); Byrnie v. Town of Cromwell, 243 F.3d 93, 107-10 (2d Cir 2001). A party's failure to comply with a clear and unambiguous Court order may also support contempt sanctions. City of New York v. Venkataram, 568 App'x 63, 65 (2d Cir 2014).

The defendant further notes that an affidavit or declaration submitted to a federal court is made under penalty of perjury. See 28 U.S.C. 1746; 18 U.S.C. 1621, 1623. The Court should treat the Devey affidavit with the scrutiny it deserves, particularly because it contradicts Pactiv's own website its own CCTV"s policy, and its own employee's earlier acknowledgment and because it was submitted by a non-attorney, human resources representatives without any showing of authority and without any notice to Pactiv's or Novolex's legal department.

V. REQUESTED RELIEF

---

The defendant respectfully requests that the Court:

1. Keep the evidentiary hearing scheduled for October 8, 2026 on the calendar as ordered;

2. Hold that the Devey affidavit does not comply with the Court's order because it contains no corroborating evidence and should not be accepted in good faith;

3. Direct Pactiv and Novolex, through counsel, to produce all corroborating evidence concerning the presence or absence of camera's at the Canandaigua Facility in 2020, including CCTV policy's, maintenance and installation records, vendor records, insurance, audit documents, website footage, and the identities of witnesses with personal knowledge;

4. If Pactiv or Novolex fails to comply, draw an adverse inference and impose appropriate sanctions under the Court's inherent authority;

5. Permit the defendant to present his evidence and call witnesses at the hearing including manager Jerry Truche and any active or Novolex personnel with knowledge of the facilities camera systems, in accordance with Morrissey, Gagnon, Rule 32.1 (b)(2), and 18 U.S.C. 3853 (e)(3).

Respectfully Submitted

______________________________

CC Novolex Holdings, LLC (through counsel)
Pactiv LLC (through counsel)

------------------

The Court agrees with Mr. Almonte that, at present, Pactiv/Novolex's response to the Court's August 4, 2026 Order (Dkt. #207) is insufficient. The Court has communicated this sentiment to Pactiv/Novolex in a transmission including Mr. Turano and counsel for the Government. While it is still entirely possible that Pactiv/Novolex may obviate the need for the previously scheduled evidentiary hearing by providing a response that complies with the Court's Order (in other words, a submission containing "sworn statements and corroborative evidence" (Dkt. #207)), for now, the Court must proceed with the evidentiary hearing scheduled for October 8, 2026.

The Clerk of Court is directed to terminate the pending motion at docket entry 209 and is further directed to mail a copy of this endorsement to Mr. Marco Almonte, 69856-054, at MDC Brooklyn, Metropolitan Detention Center, P.O. Box 329002, Brooklyn, NY 11232.

Dated: August 31, 2026
New York, New York

SO ORDERED.

Katherine Polk Failla

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE