UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v.-

MARCO ALMONTE,

Defendant.

14 Cr. 86 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

On September 14, 2026, the Court received by mail the sworn and notarized affidavit of Eric Parr, a Technical Manager for Pactiv, LLC's Canandaigua, New York facility. (Dkt. #212 (the "Parr Affidavit")). The Parr Affidavit explains that Pactiv cannot and "was never able to provide camera footage" of its Canandaigua facility on July 3 and 4, 2020, "because there were no functioning cameras on the premises that were recording footage on those days." (*Id.*). In other words, the cameras on premises either (i) did not function or (ii) "only transmitted a live feed to unmonitored displays within a maintenance closet" and did not preserve recordings of those feeds. (*Id.*). The Parr Affidavit also attaches as an exhibit an Excel spreadsheet that corroborates these assertions: the exhibit contains approvals for a project to upgrade the Canandaigua facility's camera system because, Mr. Parr avers, the prior system was "obsolete" by 2020. (*Id.*)

Accordingly, the Court concludes that the Parr Affidavit obviates the need for the previously scheduled evidentiary hearing regarding the Court's subpoena to Pactiv. (*See* Parr Affidavit; Dkt. #197 (subpoena); Dkt. #205, 207, 211 (Court Orders regarding subpoena)). The subpoena, issued at Mr.

Almonte's request, sought production of surveillance camera footage from Pactiv's Canandaigua facility on July 3 and 4, 2020. (Dkt. #197). Because the Parr Affidavit credibly and under penalty of perjury explains why Pactiv is unable to comply with the subpoena — and the Court does not believe that Pactiv would produce a meaningfully different response at an evidentiary hearing — the Court ADJOURNS *sine die* the evidentiary hearing previously scheduled for October 8, 2026.

This leaves the question of what remains of Mr. Almonte's case. The Court understands that Mr. Almonte has several state and federal matters still pending. At his convenience, Mr. Almonte shall advise the Court and Government of the status of each (without revealing confidential defense strategy or privileged communications), and thereafter the Government shall respond and explain whether there exists any reason not to proceed with Mr. Almonte's violation hearing.

As a one-time courtesy, the Court will transmit a copy of this Order to Pactiv via a channel of communication that Pactiv has previously used to communicate with the Court. The Court will include the Government and Mr. Almonte's standby counsel, Stephen Turano, in this transmission.

The Clerk of Court is directed to mail (i) a copy of this Order and (ii) a copy of docket entry 212 to Mr. Marco Almonte, 69856-054, at MDC Brooklyn, Metropolitan Detention Center, P.O. Box 329002, Brooklyn, NY 11232.

SO ORDERED.

Dated: September 15, 2026
New York, New York

Katherine Polk Failla

KATHERINE POLK FAILLA
United States District Judge